

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-20-2005

# Fornicoia v. Haemonetics Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2873

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Fornicoia v. Haemonetics Corp" (2005). *2005 Decisions.* Paper 1149.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1149

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 04-2873
_____

LISA K. FORNICOIA

<u>Appellee</u>

v.

HAEMONETICS CORPORATION

<u>Appellant</u>

_____

Appeal from a Judgment for the Plaintiff in the
United States District Court for the Western District of Pennsylvania
(No. 99-cv-01177)
District Judge: Honorable Gary L. Lancaster

_____

Argued May 4, 2005

BEFORE: McKEE, VAN ANTWERPEN and WEIS, <u>Circuit Judges</u>

(Filed May 20, 2005)

Richard J. Antonelli (Argued)
Rebecca J. Dick-Hurwitz
Spilman Thomas & Battle, PLLC
Suite 3440, One Oxford Centre
Pittsburgh, PA 15219

Counsel for Appellant

Michael E. Hoover (Argued)

Charles E. Boyle
Diefenderfer Hoover Boyle & Wood
1420 Grant Building
Pittsburgh, PA  15219

Counsel for Appellee

_____

OPINION
_____

VAN ANTWERPEN, <u>Circuit Judge</u>

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Because we write only for the parties, we recount only the facts relevant to our decision.  Appellee Lisa Fornicoia began her employment with Appellant Haemonetics Corporation on November 2, 1992, as a Clinical Specialist.  In 1993 she was transferred to the company's Life Support Division where her title was changed to Manager, Clinical Services.  In this new position, she reported directly to John Teutsch.  Teutsch reported to Gary Stacey who had overall responsibility for the Life Support Division.

Fornicoia alleged that between May 1994 and February 1997, Teutsch engaged in behavior that she found sexually harassing and dangerous.  This included inappropriate touching; diverting conversations to personal, intimate or sexual topics; sending her and her daughter gifts; appearing before her partially clothed; and implying that he wanted to hurt her, her family or himself.  In October 1994, Fornicoia approached Stacey, and later Alicia Lopez, Haemonetic's General Counsel and Human Resources Director, and shared

her concerns about Teutsch's behavior.

Lopez determined that Teutsch had not sexually harassed Fornicoia, but still referred Teutsch to a forensic psychologist for evaluation. Based on his report and other information they had gathered, Lopez and Stacey changed the reporting relationship so that Fornicoia no longer reported to Teutsch. They also directed that Teutsch channel all correspondence to Fornicoia through Stacey's office and instructed the two not to take business trips together.

Fornicoia alleged that Teutsch continued to harass her and that she made a complaint in May 1995. Stacey and Lopez did not recall this complaint, but agreed that Fornicoia did complain again on January 14, 1997. Based on this complaint, Lopez again determined that Teutsch's behavior did not constitute sexual harassment but agreed that Fornicoia and Teutsch could not work together. Stacey sent a letter to Teutsch dated January 28, 1997 re-emphasizing that he was to have no contact with Fornicoia.

About a month later, Stacey advised Fornicoia that Haemonetics was reorganizing and that she was being laterally moved to the position of Clinical Specialist. In her new position, she would have the same pay and would not be required to relocate, but would have to report to the training organization in Tucson, Arizona. Fornicoia shortly thereafter gave notice of her resignation on March 22, 1997.

Fornicoia filed suit against Haemonetics in the United States District Court for the Western District of Pennsylvania. In her suit, she asserted claims of sexual harassment,

retaliation and constructive discharge under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* A jury trial commenced on September 15, 2003, and concluded on September 22. The jury found in favor of Fornicoia on her sexual harassment claim and in favor of the Haemonetics on her retaliation and effective discharge claims.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3). This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. We exercise *de novo* review over the legal accuracy of the District Court's jury instructions, Citizens Fin. Group, Inc. v. Citizens Nat. Bank, 383 F.3d 110, 133 (3d Cir. 2004), and review the District Court's rulings regarding the admission of evidence for abuse of discretion, Glass v. Phila. Elec. Co., 34 F.3d 188, 191 (3d Cir. 1994).

## III. ANALYSIS

Haemonetics raises two issues on appeal. First, Haemonetics claims that the District Court misstated the standard for employer liability when an employee is sexually harassed by a supervisor. According to Haemonetics, the District Court failed to inform the jury that Haemonetics was entitled to assert affirmative defenses if Fornicoia did not suffer a tangible job detriment. Haemonetics also claims that the District Court misstated the standard for co-worker liability by improperly placing the burden of proof on the defense. Finally, Haemonetics insists that it is entitled to a new trial because the District Court improperly allowed testimony that was irrelevant, and if not irrelevant, more

4

prejudicial than probative.

We agree that the District Court's jury instructions were erroneous, and therefore we will reverse the order of the District Court and remand for a new trial.

**A. The Jury Instructions**

When examining an allegedly erroneous jury instruction, we must "determine whether the charge, taken as a whole and viewed in the light of the evidence, fairly and adequately submits the issues in the case to the jury." Ayoub v. Spencer, 550 F.2d 164, 167 (3d Cir. 1977). When jury instructions "fail to advise, or misadvise, a jury of concepts it needs to know to properly discharge its duties" we must remand the case for a new trial. Dressler v. Busch Entm't Corp., 143 F.3d 778, 783 (3d Cir. 1998).

Haemonetics argues that the District Court erroneously charged the jury on Fornicoia's sexual harassment claim. Because the parties disputed whether Teutsch was Fornicoia's supervisor when the alleged harassment took place, the District Court charged the jury with two sets of instructions depending on their factual findings. We address each in turn.

1. *Supervisor Liability*

Haemonetics argues that the District Court incorrectly explained the legal standard for imposing liability on Fornicoia if the jury found that Teutsch was Fornicoia's supervisor. The District Court stated:

> If you find from the evidence that Mr. Teutsch was plaintiff's supervisor during the relevant period, then the defendant is liable for his conduct. And

5

it is liable for his conduct whether senior management officials, in this case, Lisa Lopez or Gary Stacey, were aware of his [conduct or] not. This is called strict liability. That is, if plaintiff establishes that Mr. Teutsch was her supervisor, then defendant is liable for his conduct, regardless of whether they were aware of his conduct or not, or even if they were aware of it and took reasonable steps to stop it.

Joint App. vol. III at 762a.

The District Court's instruction directly contradicts the Supreme Court's opinion in Faragher v. City of Boca Raton, 524 U.S. 775, 792 (1998), which reaffirmed that "Title VII does not make employers 'always automatically liable for sexual harassment by their supervisors,' ibid., contrary to the view of the Court of Appeals, which had held that 'an employer is strictly liable for a hostile environment created by a supervisor's sexual advances, even though the employer neither knew nor reasonably could have known of the alleged misconduct,' id., at 69- 70, 106 S.Ct., at 2406-2407." (citing Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 69-70 (1986)). The correct standard was set out by the Court as follows:

> An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee. When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence, see Fed. Rule Civ. Proc. 8(c). The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. . . . No affirmative defense is available, however, when the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment. See Burlington, 524 U.S., at 762-763,

6

118 S.Ct., at 2269.

Faragher, 524 U.S. at 807-08.

The jury was not asked consider whether Fornicoia suffered a tangible employment action, nor was it given instructions on Haemonetics' right to assert an affirmative defense had Fornicoia not suffered a tangible employment action. Given that the jury found that Fornicoia did not suffer retaliation or constructive discharge, it may also have found that Fornicoia did not suffer a tangible employment action. If this was the case, the jury was obligated to consider Haemonetics' affirmative defenses.

### 2. *Co-Worker Liability*

The District Court also misstated the standard for co-worker liability by improperly placing the burden of proof on the defendant. The District Court explained the standard for co-worker liability as follows:

> On the other hand, if you find from the evidence that Mr. Teutsch was not plaintiff's supervisor, but merely a co-worker, then defendant is entitled to assert certain defenses. Defendant neither knew or nor, with reasonable diligence, should have known of his conduct; or, two, once defendant learns of the conduct, they took appropriate remedial action to stop it; and plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer and to avoid harm, otherwise.

> I am going to go over each of these defenses in more detail. Be mindful that the defendant has the burden of proving these defenses by a preponderance of the evidence.

Joint App. vol. III at 763a.

The District Court mischaracterized the standard of liability as an affirmative

7

defense. In order to impose liability on an employer for one co-worker's sexual harassment of another (where the harassing employer is not in a supervisory position over the victim), the plaintiff must demonstrate that "'the defendant knew or should have known of the harassment and failed to take prompt remedial action.'" Kunin v. Sears Roebuck and Co., 175 F.3d 289, 293-94 (3d Cir. 1999) (quoting Andrews v. City of Philadelphia, 895 F.2d 1469, 1482 (3d Cir.1990). This is not an affirmative defense, but rather the burden of the plaintiff. See Kunin, 175 F.3d at 294. If the jury found that Teutsch was not Fornicoia's supervisor, but merely her co-worker when he harassed her, Fornicoia had the burden of demonstrating that Haemonetics knew or should have known of the harassing conduct and failed to act.

It appears that the District Court intertwined the standards of liability for supervisor and co-worker sexual harassment and thereby failed to properly instruct the jury on the issue. Because the jury instructions did not fairly and adequately advise the jury on the standards of liability, we must remand for a new trial consistent with this opinion.

### B. The Admission of Evidence

We are troubled by the admission of what appears to be hearsay evidence that Teutsch allegedly made a harassing remark to another employee approximately two years after Fornicoia left Haemonetics. We also question the relevance of the testimony, see

Fed. R. Evid. 402,[1] and further note that, even if relevant, it is difficult to see how its probative value outweighs its prejudicial effect and tendency to confuse the issues, see Fed. R. Evid. 403.[2] Therefore, we briefly address this matter so as to offer guidance to the District Court in conducting the new trial.

The District Court allowed Fornicoia to present evidence that, in 1999, an employee named Lisa Lovis complained about Teutsch's behavior. Lopez testified that Lovis complained that she was offended when Teutsch "either said something or made some explicit gesture about her in the company of others." (Appellant App. at 486a.) This complaint apparently led Haemonetics to review Teutsch's performance and professionalism, and eventually resulted in his termination.

The District Court allowed the testimony for the purpose of establishing that the workplace was hostile. Following the testimony, the trial judge explained to the jury that the testimony was allowed, "for a limited purpose only, in order for the plaintiff to establish her claim, she must establish that the behavior she complains of would be offensive to an objectively reasonable person." (Appellant App. at 489a-90a.)

---

[1] "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Fed. R. Evid. 402.

[2] "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

This Court has upheld the admission of evidence of other acts of sexual harassment where the evidence may be "probative as to whether the harassment was sexually discriminatory" and "may help the jury interpret otherwise ambiguous acts." Hurley v. Atlantic City Police Dept., 174 F.3d 95, 111 (3d Cir. 1999). However, even relevant evidence may be excluded under Rule 403 "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. "[Evidence] is unfairly prejudicial if it 'appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish,' or otherwise 'may cause a jury to base its decision on something other than the established propositions in the case.'" Carter v. Hewitt, 617 F.2d 961, 972 (3d Cir. 1980) (quoting 1 J. Weinstein & M. Berger, Weinstein's Evidence P 403(03), at 403-15 to 403-17 (1978)).

Fornicoia introduced evidence that another employee complained about a single offensive comment in front of co-workers or customers nearly two years after Fornicoia left Haemonetics. This evidence sheds no light on whether Fornicoia was objectively reasonable in finding Teutsch's inappropriate touching, continual advances, or erratic behavior offensive. Given the length of time between the complaints, the dissimilarity between the complained of acts, and the likelihood that this additional evidence will at least minimally prejudice the jury, we believe this evidence should have been excluded.

## IV. CONCLUSION

For the reasons set forth above, we reverse the Order of the District Court and

10

remand for a new trial consistent with this opinion.